CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUN 09 2017

JULIA C. DUDLEY, CLERK
BY: HMcDonaco
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 4:06-cr-00004-1 |
| | ) | |
| v. | ) | <u>2255 MEMORANDUM OPINION</u> |
| | ) | |
| DAVID SERVIN-TERRASAS | ) | By: Jackson L. Kiser |
|     Petitioner. | ) | Senior United States District Judge |

David Servin-Terrasas, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government filed a motion to dismiss, and the time within which Servin-Terrasas had to respond has expired, making this matter ripe for consideration. After reviewing the record, I conclude that the government's motion to dismiss must be granted and Servin-Terrasas' § 2255 motion must be dismissed as untimely.

I.

On January 18, 2006, a federal grand jury charged Servin-Terrasa in a seven-count indictment with various drug distribution crimes and firearm possession crimes. On June 1, 2006, Servin-Terrasas pleaded guilty, pursuant to a written plea agreement, to possession with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(A) ("Count Five"), and to using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c) ("Count Six"). Plea Agree. at 2, ECF No. 24. The government agreed to dismiss the remaining counts.

The Presentence Investigation Report ("PSR") recommended, for Count Five, a total offense level of 29, a criminal history category of I, and an imprisonment range of 87 to 108 months. PSR ¶ 58, ECF No. 37. However because the statutory mandatory minimum for the

drug charge was 120 months, Servin-Terrasas' guideline range for that count became 120 months. For Count Six, the mandatory minimum and maximum term was five years to life imprisonment, to be served consecutively to any other sentence imposed. Id. ¶ 57.

On September 5, 2006, I sentenced Servin-Terrasas to the mandatory minimum 120 months for Count Five and the mandatory minimum 60 months for Count Six, to run consecutively, for a total of 180 months' imprisonment. Judgment at 2, ECF No. 28. Servin-Terrasas appealed; the Fourth Circuit Court of Appeals affirmed his conviction and sentence. United States v. Servin-Terrasas, 224 F. App'x 249, 250 (4th Cir. 2007). Servin-Terrasas filed a writ of certiorari to the Supreme Court of the United States, which was denied. Servin-Terrasas v. United States, 552 U.S. 921 (Mem) (2007).

On June 20, 2016, Servin-Terrasas filed this § 2255 motion alleging that I imposed an unconstitutional sentence in light of Johnson v. United States, 135 S. Ct. 2551, 2563 (2015). I appointed the Federal Public Defender's Office to represent Servin-Terrasas and provide supplemental briefing, if necessary, in light of Johnson, pursuant to Standing Order 2015-5. The Federal Public Defender's Office declined to file any additional pleadings on Servin-Terrasas' behalf and moved to withdraw, a motion which I granted. Notice at 1, ECF No. 115, 116.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Servin-Terrasas bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

## A. The ACCA Enhanced Sentence Structure

Federal law prohibits convicted felons from possessing firearms. 18 U.S.C. § 922(g). Defendants who violate this law are subject to a term of up to ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, when defendants convicted of a § 922(g) charge have three or more prior convictions for "serious drug offenses" or "violent felonies," they qualify as armed career criminals under the ACCA. Armed career criminals face an increased punishment: a statutory mandatory minimum of fifteen years' imprisonment and a maximum of life. 18 U.S.C. § 924(e)(1).

In Johnson, the Supreme Court invalidated part of the definition of "violent felony" under the ACCA. 135 S. Ct. at 2563. The ACCA defines a "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). In Johnson, the Supreme Court reviewed the second part of subsection (ii) of the violent felony definition. It concluded that the clause, known as the "residual clause," which provides, "or otherwise involves conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague. 135 S. Ct. at 2563. The Supreme Court did not, however, strike down any other portion of the ACCA, including the remaining clauses of the violent felony definition and the definition of a serious drug offense. Johnson, 135 S. Ct. at 2563 (noting that other than the residual clause, the Court's holding "d[id] not call into question . . . the remainder of the [ACCA's] definition of a violent felony"). The Supreme Court's

3

decision in Johnson announced a new rule of constitutional law that applies retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1268 (2016). However, because Servin-Terrasas was not sentenced as an armed career criminal, Johnson has no bearing on his claims.

### B. *Johnson* Claim and 18 U.S.C. § 924(c)

Servin-Terrasas claims that his conviction for using or carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c), was invalidated by Johnson. This claim is unavailing.

Federal law provides for a separate consecutive sentence if any person uses or carries a firearm during and in relation to a crime of violence or drug trafficking crime, or possesses a firearm in furtherance of such crimes. 18 U.S.C. § 924(c)(1)(A) (emphasis added). Servin-Terrasas's conviction in Count Six resulted from the use of a firearm to further the drug trafficking crime to which he pleaded guilty in Count Five. Accordingly, only the "drug trafficking crime" component of § 924(c)(1)(A) affected his sentence. The other type of crime referenced in the statute, "crime of violence," played no role in his conviction and sentence. Johnson has never called into question convictions for serious drug offenses. Instead, Johnson invalidated a part of the ACCA's definition of a "violent felony," which employed language similar to that used to define a "crime of violence."[1]

Accordingly, whether or not the definition of "crime of violence" survives constitutional muster in light of Johnson is immaterial to Servin-Terrasas' claim.[2] Servin-Terrasas' conviction

---

[1] In § 924(c)(3)(B), "crime of violence" is defined, among other ways, as a felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." This definition is similarly worded to the clause in another part of the ACCA, § 924(e)(2)(B)(ii), which the Supreme Court held to be unconstitutionally vague. Johnson, 135 S. Ct. at 2563.

[2] The Supreme Court has granted a writ of certiorari in *Lynch v. Dimaya*, 15-1498, to determine whether the residual clause in 18 U.S.C. § 16(b), which has the same wording as the residual clause in 18 U.S.C. § 924(c), is

4

for use of a firearm accompanied a drug trafficking crime, as such his reliance on <u>Johnson</u> is misplaced and his motion is untimely under § 2255(f)(3).

## III.

For the reasons stated, I will grant the government's motion to dismiss.

**ENTER:** This 9th day of June, 2017.

*[signature]*
United States District Judge

---

void for vagueness. However, as explained above, because the residual clause in § 924(c) had no bearing on Servin-Terrasas' sentence, there is no need to hold the case in abeyance pending the Supreme Court decision.